## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSHUA HENRY, | Case No. 19-CV-0429 (JRT/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| TOM ROY, Commissioner of the MNDOC; THE MINNESOTA DEPARTMENT OF CORRECTIONS; JEREMY SCHWARTZ, in his official and individual capacities; ALICE REMILLARD, in her official and individual capacities; and MINNCOR/ANAGRAM, | |
| Defendants. | |

Plaintiff Joshua Henry alleges that he was injured while employed by the Minnesota Department of Corrections ("MDOC") during his incarceration at a facility managed by MDOC.  Henry's original complaint was nearly blank; the documents attached to the complaint showed that this litigation was likely to concern Henry's medical care while incarcerated, but the pleading *itself* did not contain relevant factual allegations.  *See* Complaint [ECF No. 1].  Rather than recommend dismissal at that time for failure to state a claim upon which relief may be granted, this Court afforded Henry an opportunity to submit an amended complaint.  *See* ECF No. 2.  Henry has now submitted his amended complaint, *see* ECF No. 6; that pleading is now before the Court for review.

Because Henry applied for *in forma pauperis* ("IFP") status, *see* ECF No. 2, his

pleading is subject to review pursuant to 28 U.S.C. § 1915(e)(2)(B). After review, this

Court concludes that Henry qualifies financially for IFP status. That said, an IFP

application will be denied, and an action will be dismissed, when an IFP applicant has

filed a complaint that fails to state a cause of action on which relief may be granted. *See*

28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per

curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam)

("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e)

apply to all persons proceeding IFP and are not limited to prisoner suits, and the

provisions allow dismissal without service."). In reviewing whether a complaint states a

claim on which relief may be granted, this Court must accept as true all of the factual

allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.

*Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual

allegations in the complaint need not be detailed, they must be sufficient to "raise a right

to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). The complaint must "state a claim to relief that is plausible on its face." *Id*.

at 570. In assessing the sufficiency of the complaint, the court may disregard legal

conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662

(2009). Pro se complaints are to be construed liberally, but they still must allege

sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914

(8th Cir. 2004).

Henry's amended complaint succinctly lays out the factual allegations at issue:

> On September 8, 2017, in the Industry Anagram Warehouse
> at Faribault Correctional Facility, ductwork from an HVAC
> unit fell from the ceiling and struck Mr. Henry while he was
> performing assigned duties.  Prison staff immediately sent all
> offenders by ambulance to District One Hospital including
> plaintiff.  Mr. Henry was then airlifted to Region Hospital St.
> Paul for further evaluation because Mr. Henry was
> unconscious / unresponsive when he was struck in the head.
> Later that morning, plaintiff was returned to the [prison]
> where he was monitored and assessed hourly by medical staff
> for 72 hour[s] due to his injuries.  Mr. Henry suffered severed
> [sic] neck and lower back pain to this day.  He also has
> regular headaches and [mental] disorders (PTSD) and lack of
> sleep due to his injuries.

Amended Complaint at 1-2 (emphases removed).

The events at issue in this lawsuit are therefore clear.  Less clear, however, is the

legal grounds for relief being raised by Henry in this lawsuit.  No formal claim or cause

of action is mentioned by Henry in the amended complaint.  Nor, for that matter, has

Henry pleaded "a short and plain statement of the grounds for the court's jurisdiction" as

required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Accordingly, it is not

clear whether Henry intends to seek relief under federal law, under state law, or both.

To the extent that this Court has jurisdiction over the complaint because the legal

claims raised by Henry present a question of federal law, *see* 28 U.S.C. § 1331, those

federal-law claims have been inadequately pleaded.  "A prison official violates the eighth

amendment if he or she 'acts with deliberate indifference to a substantial risk of harm to

the prisoner.'"  *Blades v. Schuetzle*, 302 F.3d 801, 803 (8th Cir. 2002) (quoting *Perkins v.

Grimes*, 161 F.3d 1127, 1130 (8th Cir. 1998)).  "To show deliberate indifference, the

prisoner . . . must prove both that the official's acts caused a sufficiently serious

3

deprivation and that the official had a subjectively culpable state of mind." *Perkins*, 161

F.3d at 1130.  In this case, Henry has not alleged that any of the named defendants or

anyone else at MDOC were aware, or had any reason to be aware, of the faulty HVAC

ductwork that caused his injury.  Accordingly, prison officials could not (on Henry's

account) have been *deliberately* indifferent to his safety and thereby violated his

constitutional rights.  Similarly, prison officials were not, on Henry's version of events,

deliberately indifferent to his medical needs following the injury.  *See Roberts v. Kopel*,

917 F.3d 1039, 1042 (8th Cir. 2019) (discussing elements of deliberate indifference to

medical needs claim).  Indeed, Henry does not allege that his medical care following the

incident was deficient in any way, much less than prison officials deliberately denied him

access to medical care or afforded him access only to substandard medical care.

Henry's (potential) legal claims sound more naturally in state law than federal law.

For example, while there is no reason from the amended complaint to think that prison

officials were deliberately indifferent to Henry's safety, it is conceivable that he might be

able to fashion a complaint alleging that prison officials acted with negligence in

maintaining the HVAC ductwork that caused any injury to Henry.  But the Court lacks

original jurisdiction over such state-law claims unless Henry can establish that the parties

are of diverse citizenship.  *See* 28 U.S.C. § 1332(a).  Henry has not alleged the

citizenship of the parties and thus has failed to establish that the parties are of diverse

citizenship; by all indications, both Henry and at least some (if not all) of the defendants

are citizens of Minnesota.  Accordingly, the Court's subject-matter jurisdiction over the

state-law claims cannot be predicated on diversity of citizenship.  Finally, the Eighth

Circuit has instructed district courts not to exercise supplemental jurisdiction over state-

law claims where, as recommended here, all federal claims are dismissed prior to trial.

*See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

Henry has not adequately alleged a violation of federal law, and the Court lacks

jurisdiction over any claims raised by Henry in this action that state law was violated.

Accordingly, it is now recommended that this action be dismissed without prejudice.

[Continued on next page.]

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT

IS HEREBY RECOMMENDED THAT:

1.  This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28
    U.S.C. § 1915(e)(2)(B).

2.  The application to proceed *in forma pauperis* of plaintiff Joshua Henry
    [ECF No. 2] be DENIED.

Dated: August   6   , 2019                         s/ Tony N. Leung
                                           Tony N. Leung
                                           United States Magistrate Judge
                                           District of Minnesota


                                           *Henry v. Roy et al.*
                                           Case No. 19-cv-0429 (JRT/TNL).


**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the
District Court and is therefore not appealable directly to the Eighth Circuit Court of
Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a
magistrate judge's proposed finding and recommendations within 14 days after being
served a copy" of the Report and Recommendation.  A party may respond to those
objections within 14 days after being served a copy of the objections.  *See* Local
Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits
set forth in Local Rule 72.2(c).